UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL and ANGELA MAEHREN, RAY and SUSAN CARR, and ARIJI GANGULY,<br><br>                    Plaintiffs,<br><br>    v.<br><br>CITY OF KIRKLAND, 12708 NE 7TH LLC, ADAM WEINSTEIN, in his official capacity as Planning and Building Director for the City of Kirkland, STEPHANIE E. CROLL, in her personal capacity and official capacity as an assistant city attorney for the City of Kirkland, and KURT ALDWORTH, in his official capacity as the building official for the City of Kirkland,<br><br>                    Defendants. | Case No. C24-532-RSM<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND ORDER OF REMAND |

## I.    INTRODUCTION

This matter comes before the Court on Defendants City of Kirkland, 12708 NE 7th LLC, Adam Weinstein, Stephanie Croll, and Kurt Aldworth (collectively, "Defendants")' Motion to Dismiss under Rule 12(b)(6). Dkt. #3. Plaintiffs Daniel and Maehren, Ray and Susan Carr, and ARiji Ganguly (collectively, "Plaintiffs")' have filed an opposition and request oral argument. Dkt. #14. The Court finds it can rule on the Motion on the pleadings. For the reasons stated below, the Court GRANTS IN PART Defendants' Motion without leave to amend and REMANDS this case.

ORDER - 1

## II. BACKGROUND

For the purposes of this Motion to Dismiss, the Court will accept all facts stated in the Amended Complaint, Dkt. #11, as true. Unless otherwise stated, all facts come from this pleading. The Court will focus only on those facts relevant to the instant Motion.

This case of Plaintiff's Land Use Petition and Complaint was removed from King County Superior Court on April 18, 2024. Dkt. #1. Plaintiffs challenge the City of Kirkland's issuance of building permits for the construction of a "large, three story, 30-foot tall, 5,000 square-foot single-family residence with attached accessory dwelling unit, plus a nearly 1,200 square-foot detached accessory dwelling unit, on a 10,125 square-foot residential lot in Kirkland, Washington." On March 27, 2024, Plaintiff Daniel Maehren filed an administrative appeal to challenge the permits with the Kirkland Planning and Building Department under Chapter 21.06 of the Kirkland Municipal Code ("KMC"), which provides that such appeals will be heard by a Kirkland hearing examiner. Defendant Stephanie Croll, an assistant city attorney for Kirkland, denied forwarding this appeal to the Kirkland Hearing Examiner because, as Defendants assert, this type of appeal should have been carried out under the Land Use Petition Act ("LUPA"), RCW 36.70C, which appeals directly to the superior court. Dkt. #3 at 2. Plaintiffs contend that this "unilateral decision" by Defendant Croll was "outside her lawful authority" and violated Plaintiffs' rights to due process. Accordingly, Plaintiffs filed their Complaint and LUPA petition against Defendants, including a due process claim under 42 U.S.C. § 1983.

## III. DISCUSSION

### A. Rule 12(b)(6) Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that 1) Defendant acted under statute authority or color of state law, and 2) his conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parrat v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on other grounds). Defendants contend that Plaintiffs fail to show these essential elements because Defendant Croll was correct in that Plaintiffs' appeal was incorrect, there is no due process right to a particular procedure, and state law remedies exist. Dkt. #3 at 5-10.

The Court agrees, in part, with Defendants. Defendants' refusal to forward Plaintiffs' appeal to a hearing examiner and advising them to proceed with a LUPA action was not "'the equivalent of denying them an opportunity to be heard upon their claimed right[s].'" *Logan v.*

*Zimmerman Brush Co.*, 455 U.S. 422, 429-30 (1982) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 380 (1971). As Defendant Croll initially suggested and Defendants argue, Plaintiff has every right to appeal the City of Kirkland's building permits in state court, as Plaintiff sought out. *See* Dkt. #1. Thus, Defendants did not "fail[] to provide due process" by denying Plaintiffs' a hearing examiner because Plaintiffs clearly had the right to challenge the building permits in the superior court. *Zinermom v. Burch*, 494 U.S. 113, 126 (1990). Accordingly, Plaintiffs' § 1983 is dismissed.

### C. Remand

An action may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

This court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). Thus, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity jurisdiction exists where the parties are completely diverse and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).  However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Defendants removed this case to federal court based on Plaintiffs' § 1983 claim.  Because the Court has dismissed Plaintiffs' § 1983 claim, the Court no longer has jurisdiction based on a federal question, and no diversity jurisdiction exists in this case.  Accordingly, the Court does not address the remaining issues in Defendants' Motion, and this case will be remanded back to state court.

## IV.     CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss under Rule 12(b)(6), Dkt. #3, is GRANTED IN PART.  Plaintiffs' claims pursuant to 42 U.S.C. § 1983 are DISMISSED without leave to amend.  This case is hereby REMANDED to King County Superior Court.

DATED this 8th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE